ORIGINAL

yvonnesantosplea

LEONARDO M. RAPADAS
United States Attorney
RYAN M. ANDERSON
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
SEP 1 8 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00070 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| YVONNE JOY SANTOS, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, YVONNE JOY SANTOS, enter into the following plea agreement:

1. The defendant, YVONNE JOY SANTOS, agrees to plead guilty to Counts I and II of the Indictment charging her with Theft of Government Property, in violation of Title 18, United States Code, Section 641. Counts III & IV of the indictment will be dismissed upon sentencing.

2a. The defendant understands that the <u>maximum</u> sentence for Count I, Theft of Government Property in an amount greater than $1,000.00, in violation of 18 U.S.C. § 641, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. §

3583(e)(3). The total $100 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

2b. The defendant understands that the <u>maximum</u> sentence for Count II- Theft of Government Property in an amount greater than $1,000.00, in violation of 18 U.S.C. § 641, as a Class C felony as specified in 18 U.S.C. § 3559, is imprisonment for not more than ten years and a maximum fine of $250,000.00, together with any restitution as the court may order, and a $100 special assessment fee as set forth in 18 U.S.C. § 3013 . Any sentence of incarceration may include a term of supervised release of not more than three years as set forth in 18 U.S.C. § 3583(b)(2). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than two years as set forth in 18 U.S.C. § 3583(e)(3). The total $100 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

2c. If the defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3a. The defendant understands that to establish a violation of Count I- Theft of Government Property, in violation of Title18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

<u>Second</u>, the property belonged to the United States; and

<u>Third</u>, the value of the property was more than $1000.

3b. The defendant understands that to establish a violation of Count II- Theft of Government Property, in violation of Title 18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

<u>Second</u>, the property belonged to the United States; and

<u>Third</u>, the value of the property was more than $1000.

4. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1981 and is a citizen of the United States.

b. That beginning on or about November 2006 and continuing up to on or about December 2006, in the District of Guam, the defendant, YVONNE JOY SANTOS, willfully and knowingly, did steal and purloin United States currency and property from the Navy Exchange, Guam. That the defendant, YVONNE JOY SANTOS, knowingly and willingly stole the currency and property with the intention of depriving the owner of the use or benefit of the property. That United States currency and property from the Navy Exchange, Guam, is property of the United States. That the value of the currency and property stolen and purloined from the Navy Exchange, Guam, was of the value of $5,305.07. That the currency and property from the Navy Exchange, Guam, had come into the possession of the defendant, YVONNE JOY SANTOS, by virtue of her proffering checks with insufficient funds to the Navy Exchange, Guam.

That the defendant, YVONNE JOY SANTOS, drafted approximately 15 checks on one account totaling $2,331.34 and approximately 15 checks on another account totaling $2,973.73. That the defendant, YVONNE JOY SANTOS, drafted these checks for cash and merchandise.

That beginning on or about January 2007 and continuing up to on or about February

2007, in the District of Guam, the defendant, YVONNE JOY SANTOS, willfully and knowingly, did steal and purloin United States property from the Navy Exchange, Guam. That the defendant, YVONNE JOY SANTOS, knowingly and willingly stole the property with the intention of depriving the owner of the use or benefit of the property. That United States property from the Navy Exchange, Guam, is property of the United States. That the value of the property stolen and purloined from the Navy Exchange, Guam, was of the value of $4,340.20. That the property from the Navy Exchange, Guam, had been stolen by the defendant, YVONNE JOY SANTOS, by virtue of her aiding and abetting by knowingly accepting checks with insufficient funds and willfully entering false social security numbers into the check verification system as a means to complete the transactions involving the worthless checks at the Navy Exchange, Guam.

That on January 25, 2007, Izayah Santos purchased a vacuum cleaner for $499.99 from the defendant, YVONNE JOY SANTOS, who was the cashier. Later that same day, the defendant, YVONNE JOY SANTOS, returned the vacuum cleaner for cash.

That on January 28, 2007, Izayah Santos purchased a dirt bike for $549.99 and a $200.00 gift card from the defendant, YVONNE JOY SANTOS, who was the cashier. That on January 29, 2007, the defendant, YVONNE JOY SANTOS, returned the dirt bike for cash.

That on January 30, 2007, Izayah Santos drafted a check totaling $499.99 for another vacuum cleaner and handed the check to Ben Cruz, who then tendered the check to the defendant, YVONNE JOY SANTOS, who was the cashier. The defendant, YVONNE JOY SANTOS, knew the check tendered by Ben Cruz was worthless and was not issued in Ben Cruz's name, but accepted it nonetheless.

That on February 3, 2007, Izayah Santos entered the Navy Exchange with Ben Cruz. Izayah Santos gathered items and drafted two checks totaling $390.22 and $600.00, respectively. The defendant, YVONNE JOY SANTOS, inputted false social security numbers into the check verification system for both checks tendered by Izayah Santos to override the system because

Izayah Santos's social security number was flagged in the system for writing checks with insufficient funds.

That on February 7, 2007, Izayah Santos drafted two checks totaling $800.00 and $150.00, respectively. Izayah Santos then handed the two checks to Ben Cruz, who tendered the checks to the defendant, YVONNE JOY SANTOS, who was the cashier. The defendant, YVONNE JOY SANTOS, knew the checks tendered by Ben Cruz were worthless and were not issued in Ben Cruz's name, but accepted them nonetheless.

That on February 9, 2007, Izayah Santos drafted two checks totaling $800.00 and $1099.99, respectively. Izayah Santos handed the two checks to Ben Cruz, who tendered the checks to the defendant, YVONNE JOY SANTOS, who was the cashier. The defendant, YVONNE JOY SANTOS, knew the checks tendered by Ben Cruz were worthless and were not issued in Ben Cruz's name, but accepted them nonetheless.

That on February 10, 2007, the defendant, YVONNE JOY SANTOS, made a purchase with a gift card purchased by Izayah Santos with a worthless check.

That during the entire criminal enterprise, the defendant, YVONNE JOY SANTOS, knew she was tendering worthless checks to the Navy Exchange. That during the entire criminal enterprise, the defendant, YVONNE JOY SANTOS, knew Izayah Santos was presenting worthless checks to her in her capacity as a cashier. That during the entire criminal enterprise, the defendant, YVONNE JOY SANTOS, entered false social security numbers into the check verification system to override the system because she knew the Izayah Santos's social security number had been flagged for worthless checks. That during the criminal enterprise, the defendant, YVONNE JOY SANTOS, had been admonished by the Navy Exchange for servicing Izayah Santos in her capacity as a cashier which resulted in Ben Cruz presenting the worthless checks written by Izayah Santos in his stead. That during the criminal enterprise, the defendant, YVONNE JOY SANTOS, received stolen currency and property acquired by Izayah Santos from his worthless check writing as a means to compensate her for her participation in the criminal enterprise.

Case 1:07-cr-00070 Document 12 Filed 09/18/2007 Page 5 of 7

5. The defendant agrees to be severally liable for restitution in the amount of $5,305.07 to the Navy Exchange in Guam as charged in Count I of the Indictment. The defendant agrees to be joint and severally liable for restitution in the amount of $4,340.20 to the Navy Exchange in Guam as charged in Count II of the Indictment. The defendant agrees to be joint and severally liable for restitution in the amount of $1,049.98 to the Navy Exchange in Guam for Reception of Stolen Government Property as referenced by Count III of the Indictment. The dollar amount of restitution the defendant is required to pay may be increased by the value of fees incurred by the Guam Navy Exchange as a result of checks tendered by the defendant with insufficient funds. The dollar amount of restitution the defendant is required to pay may be decreased by the value of the items recovered by the United States Government only if the items are determined to be marketable by the Guam Navy Exchange.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by her counsel or any other person, such discrepancy is not a basis to withdraw her guilty plea.

7. The defendant agrees to waive any right to appeal or to collaterally attack her conviction. The defendant reserves the right to appeal the sentence actually imposed in her case.

8. The defendant acknowledges that he has been advised of her rights as set forth below prior to entering into her plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. Her right to be represented by an attorney;

c. Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

- 6 -

d. That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into her plea agreement, she waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

f. That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from the plea agreement;

g. That she reads, writes and speaks the English language and has no need for an interpreter;

h. That she has read the plea agreement and understands it; and

i. The Defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 9/16/07

YVONNE JOY SANTOS
Defendant

DATED: 9/10/07

MARK S. SMITH
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 9/18/07     By: RYAN M. ANDERSON
Special Assistant U.S. Attorney

DATED: 9/18/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

- 7 -